2018 MAY 29   PM 12: 15

| | |
|---|---|
| FREDERICK J. BRENNAN | *   IN THE |
| 11620 Reisterstown Road # 735 | |
| Reisterstown, MD 21136, | *   CIRCUIT COURT |
| | |
| *Plaintiff,* | *   OF |
| | |
| *v.* | *   MARYLAND |
| | |
| DELUXE CORPORATION | *   FOR |
| 1220B East Joppa Road | |
| Towson, MD 21286, | *   BALTIMORE COUNTY |
| | |
| *Defendant.* | *   Case No.: _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Frederick J. Brennan, Plaintiff, by John B. Stolarz, his attorney sues Deluxe Corporation, Defendant, and says:

1. On, or about,  July 13, 2004 Frederick J. Brennan, Plaintiff, and a Christian, was hired by Payce, Inc. as a Software Engineer.

2. Sometime prior to 2017, Payce, Inc. became a subsidiary and an affiliate of Defendant Deluxe Corporation.  After this acquisition, Defendant Deluxe Corporation took control of day to day operations at Payce, Inc., including the management of Payce employees.

3. Defendant Deluxe Corporation is a Minnesota Corporation which, at all times relevant, conducted business in Maryland.

4.  Defendant Deluxe Corporation with is a joint employer with Payce, Inc. because, at all times relevant herein, it exercised control over the Plaintiff's compensation, hours and terms of employment.

5. Defendant Deluxe Corporation's control over Payce, Inc. employees included, *inter alia,* the requirement that employees follow Defendant Deluxe's Code of Ethics and Business Conduct.

6. As part of its control over Payce, Inc. employees, Defendant Deluxe Corporation

1

required employees to take an online Ethics Compliance course.  The Ethics Compliance course required Plaintiff, and other employees, to answer multiple choice questions.

7.  The Ethics Compliance course was structured to accept only those responses acceptable to Defendant Deluxe Corporation.  When a response was entered which is not acceptable to Defendant Deluxe Corporation, the Ethics Compliance course refused to allow the employee to continue to the next question.  The course did not allow the employee to skip any questions.

8.  As requested by Defendant Deluxe Corporation, on, or about, March 24, 2017, the Plaintiff proceeded to take the Ethics Compliance Course.

9. When Plaintiff entered his choices to question labeled " Bad Behavior" relating to transgender issues, the course did not agree with Plaintiff's choices.  Once Plaintiff entered his choices, the course refused to allow the Plaintiff to continue, and did not allow the Plaintiff to skip the question.

10.  Plaintiff's Christian religious beliefs did not allow him to choose the answers required by Defendant's Ethics Compliance course.

11.  Plaintiff thereafter requested that he be excused from completing the Ethics Compliance course as an accommodation to his religious beliefs.

12. Plaintiff's request was denied, and on January 19, 2018 Deluxe Corporation advised him that he would receive a 1% salary reduction as a disciplinary action for failing to complete the Ethics Compliance course.

13. On April 20, 2018 Defendant Deluxe directed Payce, Inc. to terminate the Plaintiff.

14. On February 5, 2018 the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. On February 28, 2018 the EEOC issued a Dismissal and Notice of Suit Rights.

16. As a result of the unlawful conduct the Plaintiff was damaged by the loss of wages and other economic damages and non-economic damages such as, but not limited to, emotional distress, humiliation, embarrassment, loss of enjoyment of life.  Further, Plaintiff was, in order to vindicate his rights, caused to incur attorney fees, litigation expenses, and court costs.

2

## COUNT ONE
### Discrimination on the Basis of Plaintiff's Christian Religion

17. The foregoing paragraphs are incorporated herein.

18. The Plaintiff held a *bona fide* religious belief which prevented him from responding to the transgender question on the Ethics Compliance course in the manner that the Defendant required.

19. Reducing the Plaintiff's salary and terminating him because he would not complete the Ethics Compliance course in the manner required by Defendant constitutes discrimination on the basis of Plaintiff's Christian religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

Wherefore, Plaintiff requests judgment against Defendant Deluxe Corporation for reinstatement, back pay, front pay, other economic damages, compensatory damages for emotional distress and other non-economic damages, reasonable attorney fees, litigation expenses, court costs, and for such other relief as may be appropriate, all of which are in excess of $ 75,000.00.

## COUNT TWO
### Failure to Accommodate Plaintiff's Christian Religion Belief.

20. The foregoing paragraphs are incorporated herein.

21. The accommodation which the Plaintiff sought was to either respond in accordance with his religious belief or be excused from responding to the transgender question.

22. It would not have been an undue burden on the Defendant to accommodate the Plaintiff's religious belief.

23. Defendant failed to make any reasonable attempt to accommodate the Plaintiff's religious belief.

24. Defendant's failure to accommodate the Plaintiff's religious beliefs constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

Wherefore, Plaintiff requests judgment against Defendant Deluxe Corporation for reinstatement, back pay, front pay, other economic damages, compensatory damages for emotional distress and other non-economic damages, reasonable attorney fees, litigation

3

expenses, court costs, and for such other relief as may be appropriate, all of which are in excess of $ 75,000.00.

## COUNT THREE

### Failure to Engage in Interactive Process to Arrive at an Accommodation

25. The foregoing paragraphs are incorporated herein.

26. Defendant's failure to make a reasonable attempt to accommodate the Plaintiff's religious belief was a violation of its duty to engage the Plaintiff in an interactive process to attempt to arrive at an accommodation.

27. A reasonable accommodation would have been found if the Defendant engaged in the interactive process required by law.

28. Defendant's failure to engage the Plaintiff in an interactive process to attempt to arrive at an accommodation constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

Wherefore, Plaintiff requests judgment against Defendant Deluxe Corporation for reinstatement, back pay, front pay, other economic damages, compensatory damages for emotional distress and other non-economic damages, reasonable attorney fees, litigation expenses, court costs, and for such other relief as may be appropriate, all of which are in excess of $ 75,000.00.

John B. Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200
(410) 372-0529 (fax)
stolarz@verizon.net

Attorney for Plaintiff

4

## DEMAND FOR JURY TRIAL

Frederick J. Brennan, Plaintiff, by John B. Stolarz, his attorney, demands a jury trial on all issues.

_____
John B. Stolarz

Attorney for Plaintiff

W:\5281\Pleadings\Cr.wpd