**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| FREDERICK J. BRENNAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELUXE CORPORATION, ) <br> ) <br> Defendant. ) <br>  ) | Case No. 1:18-cv-02119-ELH |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

COMES now the Defendant Deluxe Corporation, through counsel, and respectfully submits this Reply Memorandum in Support of the aforementioned Motion. For the reasons explained herein, Plaintiff's Response in Opposition (Doc. No. 12) (hereinafter, "Opposition") fails to provide any reason sufficient to justify denial of Defendant's Motion to Dismiss and accordingly, the Complaint should be dismissed.

Through his Opposition, Plaintiff failed to demonstrate that the Complaint contains sufficient factual allegations to state a claim for relief that is plausible on its face, which he is required to do. *See* Defendant's Memorandum, Doc. No. 9-2, pages 3 – 4 (discussion of the requirements for stating a "claim for relief that is plausible on its face" under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and related cases cited therein). In an attempt to sidestep this requirement, Plaintiff merely repeats the conclusory recitals of the Complaint which are clearly "thread bare" in nature and fail as a matter of law. *See* Opposition, page 1 ("The Plaintiff's Christian beliefs prevented him from choosing the answers which Defendant deemed to be correct, and requested that he be excused from answering the questions which conflicted with his religious beliefs. Plaintiff was, in essence, requesting an accommodation for his religious beliefs.") and page

3 ("The Plaintiff has clearly stated that his pay was lowered and he was terminated after he advised his employer that his Christian beliefs would not allow him to choose the answers which his employer required to certain transgender questions on the employer's Ethics Compliance Course.").

Moreover, Plaintiff's Opposition does not demonstrate that the Complaint alleges facts which would give rise to an inference of discrimination against the Plaintiff because of his religious beliefs. *See* discussion in Defendant's Memorandum, pp. 6 – 7.  Neither the Complaint or even the electronic mail messages which Plaintiff attached to his Opposition as Exhibit A, suggest that the 1 % salary reduction which is referenced in the Complaint was based upon anything other than Plaintiff's failing to complete the Ethics Compliance course, which is a legitimate, non-discriminatory reason for such action.  *See* Complaint, paragraphs 6 and 12.  As explained in Defendant's Memorandum, the Complaint references Defendant's legitimate, non-discriminatory reason in relation to the salary reduction at issue, yet if fails to allege any facts to demonstrate that such was pretextual and motivated in any way by Plaintiff's asserted religious beliefs.[1]  *See Peterson v. Hewlett Packard Company*, 358 F.3d 599, *605 (9th Cir. 2004) (granting summary judgment to defendant on plaintiff's claim of religious discrimination where plaintiff "offered no evidence, circumstantial or otherwise, that would support a reasonable inference that his

---

[1] Plaintiff's citation to *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2032 (2015) is inapposite in relation to Defendant's Motion to Dismiss.  The Court ruled therein that an applicant, in order to state a viable claim of discrimination based upon religion in violation of Title VII, need only show that his need for an accommodation was a motivating factor in the employer's decision, and does not have to show that the employer has "actual knowledge" of the applicant's need for an accommodation.  That is not the issue presented through Defendant's Motion to Dismiss. Moreover, Plaintiff's citation to *Kohli v. LOOC, Inc.*, 103 Md. App. 694, 7[-]1, 654 A.2d 922 (1994), is inapposite, as Plaintiff's Complaint alleges violations of Title VII and make no reference to the Maryland Fair Employment Practices Act, Md. Code Ann., State Govt. §20-606.

termination was the result of disparate treatment on account of religion" where the evidence demonstrated that he was terminated "because he violated the company's harassment policy by attempting to generate a hostile and intolerant work environment and because he was insubordinate in that he repeatedly disregarded the company's instructions to remove the demeaning and degrading postings from his cubicle.").

Plaintiff did not object in his Opposition to consideration of the actual questions and answers that are set forth in the training materials at issue.  *See* Defendant's Memorandum, Section II. B., pages 7 – 9.[2]  Because these materials form the basis of Plaintiff's claim, they are properly considered as part of Defendant's Motion to Dismiss.  While Defendant seems to question the basis for consideration of materials from the EEOC in relation to the specific allegations in the Complaint, Defendant submits that the Court can properly take judicial notice of such materials under Fed. R. Evid. 201 without converting Defendant's Motion to Dismiss into a motion for summary judgment.  *See Hamilton v. Tiffany & Bosco PA*, 2014 WL 4162362, at *2 (D. Ariz. 2014) (explaining that Fed. R. Evid. 201 "allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment.") (Citation omitted)

Beyond the substance of the training questions themselves, which demonstrate that Defendant was being trained and asked to comply with Defendant's policies concerning inclusiveness and equal treatment in employment for all of its employees, Plaintiff's Exhibit A

---

[2] Moreover, such materials should be considered in deciding Defendant's Motion to Dismiss because they are clearly referenced in the Complaint and form the basis for Plaintiff's claims  *See American Chiropractic Association v. Trigon Healthcare, Inc*., 367 F.3d 212, 234 (4th Cir. 2004) (explaining "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.""").  (Internal citations omitted)

further demonstrates his failure to plead viable claims in Counts II and III as well as the undue burden that Defendant would have faced in relation to Plaintiff's request for an accommodation.[3] More specifically, Plaintiff's email exchange with personnel from Defendant about the training issue contains the following exchanges:

> "Deluxe is an all-inclusive employer. While we recognize that each of our employees is unique, and that each employee may hold different views, values and opinions about the world around us, the Ethics and Compliance courses are designed to reflect our policy of inclusiveness and non-discrimination.
>
> **It is important that as an employee of Deluxe you recognize that we do not expect you to change your values or beliefs but rather, as an employee, your behaviors at work are expected to uphold Deluxe's standards and values**." Exhibit A to Plaintiff's Opposition, email of Petra Ott, Human Resources Manager, of June 15, 2017, to Plaintiff. (Emphasis added)
>
> \*\*\*\*
>
> "I am a born-again Christian who believes in the one and only God of the universe, the God who has revealed Himself to be God the Father, God the Son (Jesus), and the Holy Spirit. He created male and female, and although someone can cut off body parts and inject themselves with hormones, they can never become a different sex. Now as I understand it, Deluxe's policy requires employees to address a person using pronouns reflecting the sex that the person identifies him/herself with, and not necessarily the sex they were born as; For example, in the hypothetical example in the course, Alex is a man but desires to become a woman, so in that case Deluxe would expect employees to use 'her' referring to Alex, and not 'him'.
>
> **Let me be quite clear on this. I will never ever be following this guideline. If God created someone as a man, I will use the pronoun 'him' to refer to that person, or if God created someone as a woman, I will use the pronoun 'her' to refer to that person.** Bruce Jenner was created a man. He can cut things off and do whatever procedure he wants, but he will never become a woman, **and I will never address him as such.** It is an abomination to the God that created this universe." Exhibit A to Plaintiff's Opposition, responding email of Plaintiff of June 16, 2017. (Emphasis added).

---

[3] Plaintiff attached Exhibit A to his Opposition, which was not specifically referenced in the Complaint. Defendant does not object to consideration of the contents of Exhibit A in relation to its Motion to Dismiss, and does not believe that consideration of such document would require the Court to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment.

Through his email message of June 16, 2017, Plaintiff made clear that he would not only not complete the required training (i.e., by refusing to answer certain questions regarding Defendant's policies in the manner so required), but that he also would "**never ever**" follow the guideline reflected therein in relation to his communications with and/or references to the gender identity of other company employees who are transgender.

Given the clear protections afforded to employees under Maryland law concerning the issue of gender identity, as well as the growing body of Federal law which also supports employees' rights in relation thereto, it cannot reasonably be debated that Defendant had a legal duty to train its employees on the requirements of the law concerning the issue of gender identity, and to further adopt and implement policies which are consistent therewith. Moreover, as explained in Defendants' Memorandum, an employer's duty to provide a reasonable accommodation does not require an employer to accommodate an employee's religious beliefs if so doing would result in discrimination against his co-workers or deprive them of contractual or other statutory rights. *See* discussion at Defendant's Memorandum, page 12.

The record before this Court is fully clear in relation to Defendant's Motion to Dismiss. Plaintiff's refusal to complete the training in question as he was required to do constituted an undue burden upon Defendant that it had no obligation to tolerate. Defendant clearly had an obligation to train its employees to adhere to its policies which were designed to ensure its compliance with the law, as well as to promote diversity and inclusion among its workforce, including transgender employees. The vital nature of this training, and the importance of the requirement that Plaintiff (and all other employees) complete it, are magnified in light of Plaintiff's abject refusal to "never ever" comply with Defendant's policy as a matter of substance in the future. In taking this position, Plaintiff made clear that he would, if and when the situation arose, engage in behavior that very

5

likely would constitute discrimination against his co-workers which would deprive them of their statutory rights by not referring to them by the gender associated with their gender identity. Defendant's training was designed to prevent this type of conduct from occurring in the future, and Plaintiff's refusal to complete it constituted an undue burden for Defendant.

Based upon the foregoing reasons, as well as those set forth in Defendant's Memorandum, Defendant respectfully requests that its Motion to Dismiss be granted, and that Plaintiff's Complaint be dismissed with prejudice.

Respectfully Submitted,

/s/ John B. Flood
John B. Flood (MD Bar No. 27925)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
1909 K Street, NW, Suite 1000
Washington, DC 20006
Tel.:  (202) 887-0855
Fax: (202) 887-0866
Email: john.flood@ogletreedeakins.com

*Counsel for Defendant Deluxe Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| FREDERICK J. BRENNAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:18-cv-02119-ELH |
| DELUXE CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of August, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF System, which caused a copy to be served on Plaintiff's counsel of record.

John B. Stolarz, Esq.
The Stolarz Law Firm
6509 York Road
Baltimore, MD  21212
Tel: (410) 532 – 7200
E-mail: stolarz@verizon.net
*Counsel for Plaintiff*

/s/ John B. Flood
John B. Flood
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
E-mail: john.flood@ogletreedeakins.com

*Counsel for Defendant Deluxe Corportion*