IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDERICK J. BRENNAN, | * |
| *Plaintiff*, | * |
| v. | *   Case No. 1:18-cv-02119-ELH |
| DELUXE CORPORATION, | * |
| *Defendant.* | * |

**PLAINTIFF'S OBJECTION TO
U.S. MAGISTRATE JUDGE'S
ORDER OF SEPTEMBER 21, 2020**

Frederick J. Brennan, Plaintiff, by John B. Stolarz, his attorney files this objection, pursuant to Local Rule 301(5)(a), to the discovery order entered by U.S. Magistrate Judge A. David Copperthite on September 21, 2020, and states:

**I.      The Plaintiff's Request to Compel Defendant to Produce Certain Documents.**

1. In this case, Frederick J. Brennan, the Plaintiff, has filed a lawsuit alleging that his employer, Deluxe Corporation, failed to accommodate his religious beliefs. Mr. Brennan was a computer programer for Payce, Inc., a division of Deluxe Corporation.

2. Defendant Deluxe had required employees to take an Ethics Compliance course which required the employee to take a multiple choice course and to choose the correct answer to those questions. Two of the questions addressed the treatment of transgender employees in the workplace. When taking the course Mr. Brennan objected to the allegedly correct answers, stating that his religious beliefs prevented him from choosing the answers which Deluxe deemed correct. And, since Mr. Brennan would not choose the answers which the employer allowed as correct, the Ethics course would not allow Mr. Brennan to continue with the rest of the Ethics course.

1

3. In response to Mr. Brennan's failure to complete the course, Deluxe reduced his salary on January 19, 2018 by 1%.

4. On March 29, 2018 Mark Vain, Plaintiff's supervisor, called the Plaintiff into a conference room, and issued Plaintiff a Disciplinary Action form, falsely stating that Plaintiff had performance issues, and that Plaintiff had 60 days to improve so-called performance issues.

5. On April 20, 2018 Mark Vain called Plaintiff into a conference room and gave Plaintiff the 'Employee Notice of Termination' document, listing "Performance not meeting expectations" as the reason for termination.

6. Plaintiff contends that the substandard performance allegations were a pretext for Plaintiff not completing the Ethics Compliance course because up until that time Mr. Brennan had all satisfactory performance evaluations. It was not until after Mr. Brennan refused to complete the Ethics course on Deluxe's terms, his supervisor started finding fault with his work.  During discovery, Mr. Brennan's supervisor testified in a deposition that the reason that he was terminated was because Mr. Brennan was not capable of performing complex computer tasks by himself and because of that deficiency, the supervisor would not assign Mr. Brennan any complex assignments in the months before the termination.

7. To counter that contention, the Plaintiff sought the details of certain computer projects on which the Plaintiff worked on, which would assist him to demonstrate to a jury that, contrary to his supervisor's testimony,  he was quite capable of performing complex tasks. Plaintiff has no other means of obtaining this information, other than directly from the Defendant.

**II.     The Bug Tracker and Emails for the Following Documents Requested by the Plaintiff:**

Request No. 13:  Message Center

Request No 14-A: Printque

Request No. 14-B File Export API

Request  No. 14-C  PCS 401k

8. The bug tracker and related emails provide the details of the work on each project and, according to Plaintiff, would assist him to demonstrate his competency to perform complex tasks. To ensure that the correct printouts were provided, Plaintiff's counsel sent defense counsel a sample of what was requested.

9. The attached Exhibit 1 illustrates the type of information requested for each of the above Requests. Exhibit 2 are the relevant pages of Plaintiff's Request for Production and Defendant's Response.

### III. Plaintiff's Objection to the Order Issued by U.S. Magistrate Judge A. David Copperthite.

10. At the outset of this case the Court dismissed Plaintiff's claim for intentional discrimination but denied Defendant's motion to dismiss the Plaintiff's failure to accommodate claim.

11. U.S. Magistrate Judge Copperthite concluded that the documents sought by the Plaintiff were not relevant or proportional to the issues in the case because the Plaintiff did not make a claim for retaliation. Exhibit 3.

12. The Court's decision that a retaliation claim is necessary to obtain the requested documents is not correct. A retaliation claim is not necessary for Plaintiff to include the a claim for damages from a termination in his failure to accommodate claim.

13. In *U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131 (4th Cir. 2017) the Fourth Circuit sets out the *prima facie case* in the context of a failure to accommodate an employee's religious requirements:

> "Title VII makes it an unlawful employment practice "to discharge any individual ... because of such individual's ... religion." 42 U.S.C. § 2000e-2(a)(1). Under that provision, an employer must "make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." *EEOC v. Firestone Fibers & Textiles Co.* , 515 F.3d 307, 312 (4th Cir. 2008) (quoting *Trans World Airlines, Inc. v. Hardison* , 432 U.S. 63, 75, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) )... To show a violation of this "reasonable accommodation" duty, as the district court explained, an employee must prove that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting

employment requirement."

*U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d at 141. See also, *EEOC v. Firestone Fibers & Textiles Co.* , 515 F.3d 307, 312 (4th Cir. 2008).

14.  To qualify as an adverse action, an employer's action must "adversely affect[] the `terms, conditions, or benefits' of [the plaintiff's] employment." *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir.2001) (quoting *Munday v. Waste Mgmt. of North America, Inc.*, 126 F.3d 239, 242 (4th Cir.1997).  *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 410 (4th Cir. 2013) (termination constitutes an adverse employment action.).  The U.S. Supreme Court, in the context of a Title VII claim, has described the concept of a "tangible employment action" as "a significant change in employment status, such as hiring, **firing,** failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

15.  What is noteworthy about the *Consol Energy* case, and on point in the case before the bar, is its conclusion that a constructive discharge satisfies the third element of a failure to accommodate claim:

> "Under our precedent, it explained, an employee is **constructively discharged-satisfying the third element of a failure to accommodate claim**-when "an employer deliberately makes the working conditions of the employee intolerable." (Citations omitted) (Emphasis added).

*U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d at 144.

16. The conclusion from the above cases is that the Plaintiff's termination can support a claim for the failure to accommodate an employee's religious requirements.

17.  Consequently, Plaintiff is entitled to obtain documents necessary to assist him in claiming that the termination was part of Defendant's failure to accommodate claim, and that the asserted reasons for his termination, three months after Plaintiff's pay was reduced, were a pretext, and that the real reason Plaintiff was terminated was on account of his failure to complete the Ethics Compliance Course.

**IV.     Conclusion**.

18. Rule 26 permits discovery of any nonprivileged material that is relevant and proportional to the case. Fed. R. Civ. P. 26(b)(1). D. Md.. Local Rules, Appendix A, Guideline 1.

19. As set forth above, the documents requested by the Plaintiff are relevant and proportional to the issues in this case.

Wherefore, Plaintiff requests that the Court reverse the U.S. Magistrate order of September 21, 2020 and enter an order compelling Defendant to produce the documents requested in Plaintiff's Request Nos. 13, 14-A, 14-B, and 14-C, and for such other and further relief, as may be appropriate.

/s/ John B. Stolarz
John B. Stolarz
U.S.D.C. No.: 01929
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200
(410) 372-0529 (fax)
stolarz@verizon.net

Attorney for Plaintiff

W:\5281\Discovery Dispute\Appeal.wpd

**CERTIFICATE OF SERVICE**

  I hereby certify that on this October 4, 2020 a copy of the foregoing document was served through the Court's electronic filing system on:

John B. Flood, Esquire
Flood Law LLC
1 Research Court
Suite 450
Rockville, MD 20850,

Attorney for Defendant

              /s/ John B. Stolarz
              John B. Stolarz

              Attorney for Plaintiff