IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERICK J. BRENNAN,
   *Plaintiff,*

   *v.*

DELUXE CORPORATION

   *Defendant.*

Civil Action No. ELH-18-2119

**MEMORANDUM**

This employment discrimination case is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified, as amended, at 42 U.S.C. § 2000e *et seq*. Plaintiff Frederick Brennan has sued his former employer, defendant Deluxe Corporation ("Deluxe"), alleging that he was disciplined and then terminated from his job because of discrimination based on religion. ECF 1-4 (the "Complaint").[1]

The Complaint contained three counts: "Discrimination on the Basis of Plaintiff's Christian Religion" (Count One); "Failure to Accommodate Plaintiff's Christian Religious Belief" (Count Two); and "Failure to Engage in Interactive Process to Arrive at an Accommodation (Count Three). *Id*. By Memorandum Opinion (ECF 16) and Order (ECF 17) of January 18, 2019, I granted defendant's motion to dismiss (ECF 9) as to Count One and Count Three of the Complaint. But, I denied the motion to dismiss as to Count Two. *See* ECF 16; ECF 17.

---

[1] Plaintiff filed suit in the Circuit Court for Baltimore County, Case No. 03-C-18-5335. *Id*. Deluxe timely removed the action to this Court on the basis of federal question jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332). ECF 1 (the "Notice of Removal").

Accordingly, the parties proceeded to discovery on Count Two—the only remaining count in the suit. And, by Order of August 2, 2019 (ECF 34), I referred all discovery disputes to Magistrate Judge A. David Copperthite.

This Memorandum addresses the "Objection to U.S. Magistrate Judge's Order of September 21, 2020" (ECF 68, "Objection"), lodged by plaintiff as to a discovery Order issued by Judge Copperthite. *See* ECF 64 ("Order of September 21, 2020"). The Objection is supported by three exhibits. ECF 68-1 to ECF 68-3. Deluxe opposes the Objection (ECF 69), supported by one exhibit. ECF 69-1. And, plaintiff has replied (ECF 71) with two additional exhibits. ECF 71-1; ECF 71-2.

No hearing is necessary to resolve the Objection. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Objection.

## I.     Background[2]

On or about July 13, 2004, Brennan, a Christian, was hired by Payce, Inc. ("Payce") as a Software Engineer. ECF 1-4, ¶ 1. Prior to 2017, Payce "became a subsidiary and an affiliate of" Deluxe. *Id*. ¶ 2. Deluxe then "took control of day to day operations" at Payce, "including the management of Payce employees." *Id*.

Deluxe "is a Minnesota Corporation which, at all times relevant, conducted business in Maryland." *Id*. ¶ 3. According to plaintiff, Deluxe "is a joint employer" with Payce, "because . . . it exercised control over [Brennan's] compensation, hours and terms of

---

[2] The facts giving rise to this suit were recounted in my Memorandum Opinion of January 18, 2019. ECF 16. Those facts are incorporated here. Thus, the facts set forth below are limited to those pertinent to the Objection.

2

employment." *Id*. ¶ 4. Among other things, Deluxe required Payce to follow "Deluxe's Code of Ethics and Business Conduct." *Id*. ¶ 5.

Of relevance here, Deluxe "required employees to take an online Ethics Compliance course," which "required" employees to respond to "multiple choice questions." *Id.* ¶ 6. The course "was structured to accept only those responses acceptable to" Deluxe. *Id*. ¶ 7. "When a response was entered which [wa]s not acceptable to" Deluxe, "the Ethics Compliance course refused to allow the employee to continue to the next question." *Id*. Nor could an employee "skip any questions." *Id*.

On or about March 24, 2017, Brennan "proceeded to take the Ethics Compliance Course." *Id*. ¶ 8. "When Plaintiff entered his choices to [the] question labeled 'Bad Behavior,' relating to transgender issues, the course did not agree with Plaintiff's choices." *Id*. ¶ 9. As a result, "the course refused to allow the Plaintiff to continue, and did not allow Plaintiff to skip the question." *Id*.

Brennan avers that his "Christian religious beliefs did not allow him to choose the answers required by Defendant's Ethics Compliance course." *Id*. ¶ 10. Thereafter, he "requested that he be excused from completing the Ethics Compliance course as an accommodation to his religious beliefs." *Id*. ¶ 11. Deluxe denied Brennan's request. *Id*. ¶ 12. Moreover, on January 19, 2018, Deluxe "advised [Brennan] that he would receive a 1% salary reduction as a disciplinary action for failing to complete the Ethics Compliance course." *Id*.

Thereafter, on February 5, 2018, plaintiff filed a Charge of Discrimination based on religion with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id*. ¶ 14; *see* ECF 62-1 ("First Charge of Discrimination"). And, on February 28, 2018, "the EEOC issued a Dismissal and Notice of Suit Rights." *Id*. ¶ 15.

3

On April 20, 2018, Deluxe terminated plaintiff. *Id*. ¶ 13.  And, on May 29, 2018, plaintiff filed another Charge of Discrimination with the EEOC, alleging discrimination based on retaliation and religion. *See* ECF 62-2 ("Second Charge of Discrimination"). This suit followed on May 29, 2018. *See* ECF 1. And, on December 13, 2019, months after filing this suit, Brennan received a Notice of Right to Sue on his Second Charge of Discrimination. ECF 62-2 at 2.

## II.     Discovery Dispute

By letter of August 31, 2020, plaintiff asked the Court to compel Deluxe to produce numerous documents allegedly related to Brennan's job performance. ECF 61. Plaintiff argued that his reduction in salary and the termination were not based on his alleged poor work performance. *Id.* at 1. Rather, he claims that those actions were based on his failure to complete the ethics course. *Id.* Further, Brennan posited that during discovery, his supervisor said that Brennan was terminated because he "was not capable of performing complex computer tasks by himself and because of that deficiency, the supervisor would not assign Mr. Brennan complex assignments." *Id.* Therefore, Brennan sought to counter his supervisor's claim with details of certain computer projects on which he worked. *Id.* at 2. In his view, these projects would demonstrate "his competency to perform complex tasks." *Id.*

Deluxe objected to plaintiff's request for documents about his computer projects, arguing that plaintiff's termination, and thus his job performance, is not an issue under the one remaining claim for failure to accommodate. ECF 62.  Defendant pointed to plaintiff's two separate EEOC charges as evidence that plaintiff's termination is not relevant to this case. *Id.*  In particular, plaintiff brought this suit based on the First Charge of Discrimination, which was filed in February 2018 before Brennan was terminated, and in which he alleged discrimination based upon religion. ECF 62-1. Brennan's Second Charge of Discrimination, filed after he was terminated, included a

4

retaliation charge. ECF 62-2. But, Brennan did not receive a Notice of Right to sue for the Second Charge of Discrimination until December 13, 2019, about six months after he filed this suit. ECF 62-2 at 2. And, since that time, plaintiff has not added a claim of retaliatory termination based on the Second Charge of Discrimination.

Moreover, defendant argued that, even if Brennan's termination was being considered by the Court, "the highly technical and voluminous documents about discrete work projects that Mr. Brennan handled…would do nothing to shed light upon" the disagreement with his former supervisor about his level of competency. ECF 62 at 2. Further, Deluxe noted that it already produced approximately 430 pages of documents relating to Brennan's various work projects. *Id.*

In his Order of September 21, 2020 (ECF 64), Judge Copperthite denied plaintiff's motion to compel defendant to produce the documents related to Brennan's projects. ECF 64 at 1. First, Judge Copperthite explained that "the only question before the Court is whether the documents are relevant and proportional to the case." *Id.* (citing *Young v. State Farm Mut. Auto Ins. Co,* 169 F.R.D. 72 (S.D. W. Va 1996)). Second, he noted that "there remains a single count of failure to accommodate" in this suit, as plaintiff "did not plead a retaliatory termination in his EEOC action" or in the Complaint. ECF 64 at 1. Therefore, he concluded that "the argument that Plaintiff is entitled to documents relating to his performance because his termination was pretextual…is unfounded" and "plaintiff's job performance is clearly not relevant to any claim or defense regarding the remaining count of failure to accommodate." *Id.* Thus, Judge Copperthite ruled: "In accordance with Rule 26 and Appendix A, Guideline 1 of the Local Rules, the production of Plaintiff's requested documents described in ECF 61, is neither relevant nor proportional to the needs of the case." *Id.*

Thereafter, Brennan filed its Objection to Judge Copperthite's Order. ECF 68.

### III.     Discussion

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810, 810 (4th Cir. 2019) (per curiam). Rule 72(a) also provides for the review of the magistrate judge's ruling. A party who opposes the magistrate judge's order must "file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). In such a case, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.*; *see Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019); *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 551 (D. Md. 2018); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). In performing this review, the court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636.

Clear error review is "deferential" but "not toothless." *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019). The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (observing that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently"). Rather, a "finding is clearly erroneous 'when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts*, 930 F.3d at 238 (quoting *Anderson*, 470 U.S. at 573). An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 1:17-cv-01053 (AJT/TCB), 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (citation omitted).

A magistrate judge's resolution of a discovery dispute is ordinarily accorded substantial deference. *See Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). Therefore, the objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter. *See Stone*, 356 F. Supp. 3d at 511; *see also* 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 3069 (3d ed. 2019) (noting that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis"). Put simply, an objection is not a vehicle to nit-pick the magistrate judge's ruling. *See Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002); 12 FEDERAL PRACTICE AND PROCEDURE CIVIL § 3069 (describing setting aside a magistrate judge's ruling as "extremely difficult to justify").

In his Objection, plaintiff argues that Judge Copperthite's decision "is not correct" because a "retaliation claim is not necessary for Plaintiff to include the a [sic] claim for damages from a termination in his failure to accommodate claim." ECF 68 at 3. In particular, plaintiff contends that constructive discharge satisfies the third element of a failure to accommodate claim under Title VII. ECF 68 at 4 (citing *U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017)). Therefore, he posits that he is entitled to the requested documents

7

in order to establish that Deluxe's stated basis for the termination of his employment is pretextual. ECF 68 at 4; ECF 71 at 3.

In its opposition to the Objection, defendant argues that Deluxe's basis for terminating plaintiff is not relevant because plaintiff chose not to bring a retaliatory termination claim. ECF 69 at 5. And, even if the Court considered defendant's basis for terminating plaintiff in its analysis of the failure-to-accommodate claim, Deluxe argues that it would still prevail because the nine-month lapse between the alleged protected activity and the termination makes the adverse action "'too remote' to establish a causal connection between the two." *Id.* (citing *Booth v. Maryland*, 337 Fed. App'x 301, 310 (4th Cir. 2009)). Therefore, it asserts, in either case, the documents plaintiff seeks to compel are not relevant to any claim or defense in the case. *Id.* at 6.

In my view, far from containing clear error, Judge Copperthite's Order (ECF 64) is entirely reasonable, sound, well founded, and supported by fact and law. Judge Copperthite considered plaintiff's Complaint and the relevant EEOC Charge. *Id.* at 1. On that basis, he concluded that plaintiff did not plead retaliatory termination in this suit. *Id.* As such, Judge Copperthite concluded that plaintiff's requested documents were not relevant or proportional to the case. *Id.*

Judge Copperthite's decision aligns with my analysis in the Memorandum Opinion (ECF 16) of January 18, 2019. There, in finding that plaintiff satisfied each element of the failure-to-accommodate claim, I found that Brennan satisfied the third element of the claim by alleging that Deluxe disciplined him by reducing his salary, not by terminating him. *Id.* at 21 (citing ECF 1-4, ¶ 19; ECF 9-2 at 3).

## IV.   Conclusion

For the reasons set forth above, I shall affirm Judge Copperthite's Order (ECF 64) and deny the Objection (ECF 68).

An Order follows, consistent with this Memorandum.

Date:   January 13, 2021                                        /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge